RODNEY S. WOODBURY
Nevada Bar No. 7216
BRUCE L. WOODBURY
Nevada Bar No. 799
**WOODBURY LAW**
50 S. Stephanie Street, Suite 202
Henderson, Nevada 89012
Tel.: (702) 933-0777
Fax: (702) 933-0778
rod@woodbury-law.com
bruce@woodbury-law.com

Attorneys for Plaintiff
CROWNE PROFESSIONAL PARK AT STEPHANIE UNIT-OWNERS ASSOCIATION, INC.

NICOLE M. HAMPTON
Nevada Bar No. 16090
nhampton@lawhhp.com
**HINES HAMPTON PELANDA LLP**
400 S. 4th Street, Suite 500
Las Vegas, NV 89101
Tel: (714) 513-1122
Fax: (702) 947-6757

Attorneys for Defendants
NATIONWIDE ASSURANCE COMPANY and
NATIONWIDE MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CROWNE PROFESSIONAL PARK AT STEPHANIE UNIT-OWNERS ASSOCIATION, INC., a Nevada non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>v<br><br>NATIONWIDE ASSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; DOES 1-100; and ROE ENTITIES 1-100,<br><br>　　　　　Defendants. | Case No.: 2:25-cv-00037-RFB-MDC<br><br>**STIPULATION AND [PROPOSED] ORDER FOR DISMISSAL OF THE ACTION, WITHOUT PREJUDICE, AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS AND TIME TO SUE POLICY PROVISION** |

  Plaintiff CROWNE PROFESSIONAL PARK AT STEPHANIE UNIT-OWNERS ASSOCIATION, INC. ("Plaintiff"), by and through its undersigned counsel of record, and Defendants NATIONWIDE ASSURANCE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY (collectively, "Defendants"), by and through their undersigned counsel of record, hereby jointly stipulate and agree, and respectfully request the Court to order, as follows:

  1. Plaintiff, at all relevant times, was insured under a Premier Businessowners policy of insurance issued by Defendant Nationwide Assurance Company ("Nationwide"), policy number ACP BPO 13029405165, in effect from August 1, 2021 to August 1, 2022, insuring a commercial building located at 1348 Paseo Verde Parkway, Henderson, Nevada (the "Policy").

  2. This action derives from a claim made by Plaintiff to Nationwide under the Policy for insurance benefits for property damage caused to the insured building by water. Nationwide denied coverage for the property damage because, as Nationwide contends, the loss was not caused by a covered cause of loss but was due to water intrusion through wear, tear and deterioration of the caulking at counter flashing and the waterproofing membrane at roof penetrations on the roof of the building and due to negligent repairs and/or maintenance, which Defendants allege are excluded causes of loss under the Policy.

  3. Plaintiff has asserted against Defendants in the Complaint on file herein causes of action for fraudulent and negligent misrepresentation, declaratory relief, breach of contract, breach of covenant of good faith and fair dealing, bad faith denial of insurance claim, unjust enrichment, indemnity, constructive fraud, breach of fiduciary duty, and for attorney's fees.

  4. Defendants filed a Motion to Dismiss the fraud and misrepresentation causes of action of the Complaint or, in the alternative, for a more definite statement (ECF Document No. 4). The Court has not yet issued a ruling on that motion.

5. Plaintiff and Defendants have agreed and hereby stipulate that Plaintiff shall dismiss this action, without prejudice, and, in exchange and as consideration for that dismissal, Defendants hereby agree and stipulate that the statute of limitations applicable to the causes of action asserted by Plaintiff in the Complaint on file in this action as of this date, and the Policy's two year internal time limitation for bringing a legal action against Nationwide, found in the Policy's Property Loss Conditions, item (4), titled Legal Action Against Us, shall be deemed tolled for a period of one (1) year from the date of said dismissal, such that Plaintiff may refile the identical causes of action as already exist in the Complaint on file herein, but no others, against Defendants within one year from the date of said dismissal, subject to Nationwide's refiling of its Motion to Dismiss the fraud and misrepresentation causes of action, and Nationwide waives the applicable Statute of Limitations and internal Policy time limitation to sue as against those identical causes of actions if refiled within that one year.

6. The agreement by Nationwide to toll and waive a statute of limitations defense and the Policy's internal two year time limitation to sue is applicable only as to the causes of action already pled against Defendants by Plaintiff in the Complaint on file in this action as of the date of this Stipulation. Defendants reserve the right to assert any and all defenses, including a statute of limitations defense and/or the Policy's internal time limitation to sue, against any new or other causes of action or claims Plaintiff should, in the future, assert or file against Defendants related to the loss and insurance claim that is the subject of this action.

**IT IS SO STIPULATED.**

Dated: May 1, 2025           **WOODBURY LAW**

By:   */s/ Rodney S. Woodbury*
Rodney S. Woodbury
Attorneys for Plaintiff
CROWNE PROFESSIONAL PARK AT
STEPHANIE UNIT-OWNERS ASSOCIATION,
INC.

Dated: May 1, 2025                          **HINES HAMPTON PELANDA LLP**

By:  */s/ Nicole M. Hampton*
     Nicole M. Hampton
     Attorneys for Defendants
     NATIONWIDE ASSURANCE COMPANY, and
     NATIONWIDE MUTUAL INSURANCE
     COMPANY

### ATTESTATION OF CONCURRENCE IN FILING

I hereby attest and certify that on May 1, 2025, I received concurrence from Rodney Woodbury to file this document with his electronic signature attached.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 1, 2025.

 */s/ Nicole Hampton*
Nicole Hampton

### IT IS SO ORDERED:

_____

RICHARD F. BOULWARE, II

UNITED STATES DISTRICT JUDGE

DATED: May 9, 2025.